PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>CESAR LOSOYA-CASTREJON,<br>ARTURO FARIAS-ZEPEDA,<br>JUAN CESAR VALENCIA-ZEPEDA,<br>ROBERTO SORIA-CUEVAS,<br>RICARDO RIVAS-ARREDONDO,<br>JOSE ADAN CHAIDEZ-OJEDA,<br>JULIO CESAR VARGAS-BIRRUETA,<br><br>DEFENDANTS. | CASE NO. 1:22-CR-00297-JLT-SKO<br><br>STIPULATION REGARDING DISCOVERY;<br>FINDINGS AND PROTECTIVE ORDER |

1.     As described more fully below, the parties, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court enter a Protective Order in this case restricting the use and dissemination of confidential witness information.

2.     The investigation was developed based, in part, on information provided by a confidential source, whose identity will be apparent to the defense upon review of the reports, photographs, and recordings contained in the discovery material.

3.     The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of materials containing the physical image of the confidential witness.

If this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the person to whom the information relates. The information could itself be used to further criminal activity if improperly disclosed or used. The United States has ongoing obligations to protect the confidential witness contained in these documents and recordings.

4.      Accordingly, the parties jointly request a Protective Order that will permit the government to produce the photographs and videos of the confidential witness, but preserves the privacy and security of the confidential witness. The parties agree that the following conditions, once ordered by the Court in the proposed Protective Order, will serve the government's interest in maintaining the privacy and security of the confidential witness, while permitting the Defense Team to understand the United States' evidence against the defendants.

5.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

## II.      PROPOSED PROTECTIVE ORDER

### A.      Protected Materials

6.      This Order pertains to discovery provided or made available to defense counsel containing the physical image (photograph and/or video) of the confidential witness in this case (hereafter, collectively "Protected Materials").

7.      To the extent that notes are made that memorialize, in whole or in part, the identity of the confidential witness in any Protected Materials, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Protected Materials, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

### B.      Defense Team

8.      For purposes of this Order, the term "Defense Counsel" refers to the defendant's counsel of record.

9.      For purposes of this Order, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are

assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case.  The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant unless they are in categories 1 to 4 in this paragraph.

10.    Defense Counsel must provide a copy of this Order to all members of the Defense Team.

**C.    Disclosure of Protected Materials**

11.    The Defense Team shall not permit anyone other than the Defense Team to have possession of the Protected Materials, including the defendants themselves.

12.    No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. All Protected Materials shall be used solely for the purpose of conducting and preparing for pre-trial, trial, post-trial, and appellate proceedings (both direct and collateral) in this criminal action and for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendants, or any third party.  Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Order.

13.    Defendants may review Protected Materials in this case only in the presence of a member of the Defense Team, and his or her Defense Counsel shall ensure that each defendant is never left alone with any Protected Information. Defendants may not copy, keep, maintain, or otherwise possess any of such Protected Materials at any time.  Defendants must return any Protected Materials to the Defense Team at the conclusion of any meeting at which defendants review the Protected Materials.  Defendants may not take any Protected Materials out of the room in which they are meeting with the Defense Team. At the conclusion of any meeting with defendants, the member of the Defense Team present shall take with him or her all Protected Materials.  At no time, under any circumstances, will any Protected Materials be left in the possession, custody, or control of the defendant, whether or not he or she is incarcerated, except as provided below.

14.    This Order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

15.     Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

**D.     Ensuring Security of Protected Materials**

16.     The Defense Team shall maintain the Protected Materials safely and securely, and shall exercise reasonable care in ensuring the security and confidentiality of the Protected Materials by storing the Protected Materials in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted.

17.     A copy of the Protective Order must be stored with the discovery, in paper form and electronically.

18.     To the extent that Protected Materials, or any copies or reproductions thereof, are stored electronically, the Protected Materials will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device.  Encryption keys must be stored securely and not written on the storage media that they unlock.

19.     If a member of the Defense Team makes, or causes to be made, any further copies of any of the Protected Materials, Defense Counsel will ensure that the following notation is written, stamped or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIALS-SUBJECT TO PROTECTIVE ORDER."  For example, if Defense Counsel makes a copy of a disc or physical file containing Protected Materials, the duplicate disc or file must be encrypted and marked with the above notation.  In the event that the Defense Team makes or causes to be made copes of the Protected Materials for purposes of hearing or trial, it does <u>not</u> need to include this inscription.

**E.     Filings**

20.     In the event that a party needs to file Protected Materials with the Court, the filing should be made under seal as provided for by the local rules.  If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention, including by making a request that the filing party redact the identity of the confidential witness.  If the

other party does not object to the proposed filing, the party seeking to file such information may file the information without redaction.

**F.      Conclusion of Prosecution**

21.     The provisions of this Order shall not terminate at the conclusion of this prosecution.  All Protected Materials subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such Order is modified by the Court.

22.     Upon final disposition of the case, including exhaustion of direct and collateral appellate proceedings, Defense Counsel shall return the Protected Materials to the government, or certify in writing that the Protected Materials have been destroyed.

23.     If, upon final disposition of the case, defendant requests a copy of the Protected Materials from Defense Counsel, Defense Counsel may provide a copy of the Protected Materials to the defendant provided that Defense Counsel ensures that the identity of the confidential witness contained in the Protected Materials is fully redacted.

**G.      Termination or Substitution of Counsel**

24.     In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become Defense Counsel for purposes of this Protective Order, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order and are not relieved by termination of representation or conclusion of the prosecution.

**H.      Modification of Order**

25.     Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

**I.      Violation of Order**

26.     Any person who willfully violates this Order may be held in contempt of court and

maybe subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

**J.** **Application of Laws**

27.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

28.     Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

Date:  November 14, 2022                          PHILLIP A. TALBERT
                                                 United States Attorney


                                                 /s/ Antonio J. Pataca
                                                 ANTONIO J. PATACA
                                                 Assistant United States Attorney

Date:  November 14, 2022


                                                 /s/ Peter Jones
                                                 PETER JONES
                                                 Counsel for Defendant
                                                 CESAR LOSOYA-CASTREJON

Date:  November 14, 2022


                                                 /s/ David Torres
                                                 DAVID TORRES
                                                 Counsel for Defendant
                                                 ARTURO FARIAS-ZEPEDA

Date:  November 14, 2022


                                                 /s/ Serita Rios
                                                 SERITA RIOS
                                                 Counsel for Defendant
                                                 JUAN CESAR VALENCIA-ZEPEDA

Date:  November 14, 2022


                                                 /s/ Victor Chavez
                                                 VICTOR CHAVEZ
                                                 Counsel for Defendant
                                                 ROBERTO SORIA-CUEVAS

Date:  November 14, 2022

/s/ David Mugridge
DAVID MUGRIDGE
Counsel for Defendant
RICARDO RIVAS-ARREDONDO

Date:  November 14, 2022

/s/ Patrick Aguirre
PATRICK AGUIRRE
Counsel for Defendant
JOSE ADAN CHAIDEZ-OJEDA

Date:  November 14, 2022

/s/ Melissa Baloian
MELISSA BALOIAN
Counsel for Defendant
JULIO CESAR VARGAS-BIRRUETA

## ORDER

IT IS SO ORDERED.

Dated:   **November 14, 2022**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE